IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PARKER-HANNIFIN CORPORATION, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 07-104 (***) |
| v. | ) ) | |
| SEIREN CO., LTD., | ) ) | DEMAND FOR JURY TRIAL |
| Defendant. | ) ) | |

## ANSWER OF DEFENDANT SEIREN CO., LTD.

Defendant Seiren Co., Ltd. ("Seiren") hereby answers the Complaint of Plaintiff Parker-Hannifin Corporation ("Parker") as follows:

1. Seiren lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Seiren admits the allegations contained in Paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3. Seiren admits the allegations of Paragraph 3 of the Complaint.

4. Seiren admits the allegations of Paragraph 4 of the Complaint.

### THE PATENTS

5. Seiren admits that U.S. Patent No. 6,387,523 ("the '523 patent") issued on May 14, 2002, but denies that it was duly and legally issued. Seiren is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

6. Seiren admits that U.S. Patent No. 6,521,348 ("the '348 patent") issued on February 18, 2003, but denies that it was duly and legally issued. Seiren is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations.

7. Seiren admits that U.S. Patent No. 6,716,536 ("the '536 patent") issued on April 6, 2004, but denies that it was duly and legally issued. Seiren is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

8. Seiren admits that U.S. Patent No. 6,777,095 ("the '095 patent") issued on August 17, 2004, but denies that it was duly and legally issued. Seiren is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

9. Seiren admits that U.S. Patent No. 6,248,393 ("the '393 patent") issued on June 19, 2001, but denies that it was duly and legally issued. Seiren is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

### PATENT INFRINGEMENT

10. Seiren denies each and every allegation of Paragraph 10 of the Complaint.

11. Seiren denies each and every allegation of Paragraph 11 of the Complaint.

### AFFIRMATIVE DEFENSES

#### First Defense

12. Seiren has not infringed and is not infringing any claim of the '523 patent, the '348 patent, the '536 patent, the '095 patent, or the '393 patent, either directly or by inducing or contributing to their infringement by others.

#### Second Defense

13. The '523 patent, the '348 patent, the '536 patent, the '095 patent and the '393 patent are each invalid because they fail to satisfy one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

#### Third Defense

14. The '523 patent, the '348 patent, the '536 patent, the '095 patent, and the '393 patent are invalid as a result of obviousness-type double patenting.

### Fourth Affirmative Defense

15. Parker is estopped by virtue of amendments and statements made during the course of prosecution of the '523 patent, the '348 patent, the '536 patent, the '095 patent, and the '393 patent from obtaining any construction of the claims of the patents that could cover any of Seiren's products and the methods by which those products are made.

### Fifth Affirmative Defense

16. On information and belief, Parker has failed to comply with the provisions of 35 U.S.C. § 287.

### RESERVATION OF RIGHTS

17. Seiren is still investigating this matter and has not yet had an opportunity to conduct any discovery, and therefore reserves the right to raise such additional defenses as may be appropriate upon further investigation and discovery.

**WHEREFORE,** Seiren prays as follows:

A. That Parker take nothing by reason of its Complaint, and that judgment be entered for Seiren;

B. That the '523 patent, the '348 patent, the '536 patent, the '095 patent and the '393 patent and each and every claim thereof be adjudged to be invalid, and that Seiren be adjudged not to infringe such patent;

C. That the Court declare this an exceptional case and award Seiren its attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

D. That the Court grant such other and further relief as it deems just and proper.

**DEMAND FOR A JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Seiren hereby demands a trial by jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

---
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
*Attorneys for Defendant*
  *Seiren Co., Ltd.*

*Of Counsel:*

Scott M. Daniels
Ken-Ichi Hattori
Michael J. Caridi
WESTERMAN, HATTORI, DANIELS
  & ADRIAN, LLP
1250 Connecticut Avenue, N.W.
Suite 700
Washington, DC 20036
(202) 822-1100

May 31, 2007

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>Rudolf E. Hutz, Esquire
>Harold Pezzner, Esquire
>Francis DiGiovanni, Esquire
>Connolly Bove Lodge & Hutz LLP

I further certify that I caused to be served copies of the foregoing document on May 31, 2007 upon the following in the manner indicated:

Rudolf E. Hutz, Esquire                                      *VIA ELECTRONIC MAIL*
Harold Pezzner, Esquire                                         *and HAND DELIVERY*
Francis DiGiovanni, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19801


*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)